**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**MONTGOMERY BLAIR SIBLEY,**

     **Plaintiff,**

**vs.**                               **Case No. 4:08cv219-RH/WCS**

**THE FLORIDA BAR,
FLORIDA SUPREME COURT,
et al.,**

     **Defendants.**

_____/


## REPORT AND RECOMMENDATION

On July 31, 2007, the *pro se* Plaintiff filed a civil complaint against the Florida

Supreme Court and each of the seven Justices of that Court.  Doc. 1.  Plaintiff, who paid

the filing fee, simultaneously filed an "emergency motion for temporary restraining order,

temporary injunction and declaration of Montgomery Blair Sibley in support thereof."

Doc. 2.  Plaintiff requests that the Florida Supreme Court and its Justices be enjoined

"from proceeding with the determination of the Florida Bar disciplinary proceedings

against Plaintiff pending resolution of the issues raised in the Complaint . . . ."  Doc. 2,

p. 1.  Plaintiff's motion alleges the violation of his federal Constitutional rights in the

disciplinary proceedings brought against him by the Florida Bar.  *Id.*  Plaintiff seeks a

temporary restraining order to prevent the Florida Supreme Court from "proceeding with

the attorney discipline process against Plaintiff . . . ."  *Id.*, at 16.

      This is not the first such motion filed by this Plaintiff.  Plaintiff has previously

litigated other cases against the Florida Supreme Court.  In case 4:07cv331-RH/WCS,

Plaintiff filed an "emergency motion for temporary restraining order, temporary injunction

and declaration of Montgomery Blair Sibley in support thereof."  Doc. 2 of that case.

Plaintiff requested that the Florida Supreme Court and its Justices be enjoined "from

proceeding with the determination of the Florida Bar disciplinary proceedings against

Plaintiff pending resolution of the issues raised in the Complaint . . . ."  Doc. 2, p. 1.

      Now, in this new case (transferred to this court from the Southern District of

Florida on May 12, 2008), Plaintiff has filed an "emergency motion for temporary

restraining order, temporary injunction and declaration of" Plaintiff in which he seeks an

order "enjoining the Defendants Florida Supreme Court and Justices from suspending

Plaintiff from the practice of law pending resolution of the issues raised in the Complaint

. . . . ."  Doc. 31, p. 1, this case.  Plaintiff claims that six of the seven justices of the

Florida Supreme Court "failed to properly execute the required Oath."  Doc. 31.

      Plaintiff also contends that during the course of proceedings before the Florida

Supreme Court, over 25 orders were entered, including a March 7, 2008, order

suspending Plaintiff "from the practice of law in Florida for three (3) years."  Doc. 31, p.

2.  Plaintiff contends that the justices did not comply "with 4 U.S.C. §§ 101 and 102 prior

to executing the duties of their offices as Florida Supreme Court Justices violated
Plaintiff Montgomery Blair Sibley's federal constitutional and statutory right to an
impartial and competently constituted tribunal."  *Id.*  There is no need to await a
response from Defendants before ruling on Plaintiff's "emergency motion" for a
temporary restraining order.[1]

       In Plaintiff's prior cases before this Court, the orders of dismissal cited to <u>Rooker</u>
<u>v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923), and <u>District of Columbia Court of Appeals v.</u>
<u>Feldman</u>, 460 U.S. 462 (1983).  *See* case 4:06cv314; case 4:06cv360.  Plaintiff has
been adequately advised by this Court in his previous cases that federal district courts
may not review final decisions of a state court, and all of Plaintiff's claims are intertwined
with decisions from the Florida Supreme Court concerning his Florida Bar disciplinary
proceedings.

---

       [1]  Plaintiff's motion, and the complaint filed in this case, stems from the facts
which were previously litigated in this court in case 4:07cv331.  There, Plaintiff
challenged formal complaints which were filed against Plaintiff by the Florida Bar in July
of 2006, and the proceedings which followed.  Doc. 1, case 4:07cv331.  Plaintiff claimed
the Referee ignored duties in directing the proceedings, failed to rule upon several of
Plaintiff's requests, held a case management conference late, did not give Plaintiff
proper notice of the final hearing, and then failed to timely and properly serve Plaintiff
with "a signed and dated copy of" his Report as filed with the Florida Supreme Court.
*Id.*, at 4-7.  Plaintiff challenged case SC04-2129 which was before the Florida Supreme
Court, and alleged that a political action committee, Florida J.A.I.L. 4 Judges, retained
Plaintiff to represent it in a suit, among other things, to enjoin The Florida Bar from
"involving itself in the political activities related to the "Florida J.A.I.L. 4 Judges,"
initiative to amend the Florida Constitution.  *Id.*, at 9-10.  Plaintiff attempted to challenge
"the constitutionality of Defendant Florida Supreme Court's disqualification rule" and
claimed he could not have a fair and impartial hearing before the Florida Supreme Court
because the Justices did not disqualify themselves.  *Id.*, at 11-12.  Plaintiff also
challenged various rules from the Florida Supreme Court.  *Id.*, at 12-15.

As Plaintiff should be aware by now, this Court is barred from reviewing proceedings in the Florida Supreme Court. Plaintiff's only avenue of recourse is through the United States Supreme Court. This Court is not an appellate court of review from decisions and rulings by the Florida Supreme Court.

Plaintiff is seeking to overturn decisions of the Florida Supreme Court. This case, disguised as an attack on the fitness of the justices of that Court, cannot proceed here. Plaintiff is once again seeking to delay Florida Bar disciplinary proceedings.

This Court does not have subject matter jurisdiction over this case any more than it had subject matter jurisdiction to review Plaintiff's prior cases.[2] These claims and allegations are too intertwined with the Florida Bar disciplinary proceedings and the prior petitions before the Florida Supreme Court to continue in this Court. This Court cannot review the Florida Supreme Court's orders and cannot prevent the Florida Supreme Court from suspending Plaintiff from the practice of law. As Plaintiff has been told before, this Court cannot interfere in state Bar disciplinary proceedings. *See* Burford v. Sun Oil Co., 319 U.S. 315 (1943); Cleveland Bar Ass'n v. Woods, No. 5:06cv462, 2006 WL 721781, at *2-3 (N.D. Ohio 2006), *cited in* case 4:06cv360-SPM/WCS, doc. 11; doc. 4:07cv331-RH/WCS, doc. 8.

While this report and recommendation does not address this entire proceeding, but only the instant motion for a temporary restraining order, Plaintiff has not

---

[2] "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

demonstrated the prerequisites for relief.  As noted above, Plaintiff is not likely to prevail

on the merits.  Moreover, it is not likely that the justices of the Florida Supreme Court

did not take the Oath of allegiance.  Therefore, the motion, doc. 31, should be

summarily denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's

emergency motion for a temporary restraining order, doc. 31, be **DENIED,** and the case

be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 28, 2008.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**



## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**