# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION


**MONTGOMERY BLAIR SIBLEY,**

     **Plaintiff,**

**vs.**                                 **Case No. 4:08cv219-RH/WCS**

**THE FLORIDA BAR,**
**FLORIDA SUPREME COURT,**
**et al.,**

     **Defendants.**

_____/


## REPORT AND RECOMMENDATION

Plaintiff Montgomery Blair Sibley filed a second amended complaint, doc. 43, with himself as the sole Plaintiff on June 9, 2008.  The Defendant Florida Bar immediately filed a motion to dismiss, doc. 49, on June 13, 2008, and the Defendant Florida Supreme Court and its Justices also filed a motion to dismiss or, alternatively, a motion for summary judgment, doc. 48, on that same day.[1]  That motion, doc. 48, was construed as a motion to dismiss because it lacked any references to exhibits and did not contain a statement of undisputed material facts.  Doc. 52.  On June 16th, I entered an order giving Plaintiff until July 15, 2008, to respond to both motions to dismiss.  *Id.*

---

[1] Several days later the Defendants Florida Supreme Court and its justices filed a notice of filing supporting exhibits.  Doc. 51.

On June 25th, Plaintiff filed a motion requesting leave to amend his second amended complaint and for an enlargement of time to respond to the motions to dismiss.  Doc. 53.  Plaintiff provided his proposed third amended complaint which has been entered on the docket as document 54.  The Defendants have filed objections to Plaintiff's motion.  Docs. 55, 56.  Defendants note that the pending motions to dismiss are, if granted, case dispositive.  Docs. 55, 56.  In the alternative, Defendants request that a ruling on Plaintiff's motion to amend await resolution of the pending motions to dismiss.  Doc. 55, pp. 1-2.

Rule 15(a) provides that amendment after a responsive pleading has been served, absent written consent of the adverse party, requires leave of court, but "leave shall be freely given when justice so requires."  FED. R. CIV. P. 15(a).  While Rule 15(a) generally "restricts the district court's freedom," the Eleventh Circuit has held:

> This policy of rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial.

Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989).  If "underlying facts or circumstances" provide a proper and viable basis for relief, then leave to amend "should be freely given."  Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).  The decision of whether to allow a Plaintiff to join *additional defendants* is also left to the discretion of the district court.  Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992).

Plaintiff's motion to amend explains that he desires to add two more Defendants in this case and, thus, he is not altering the allegations already presented as to the Defendants who have been served and who have responded to Plaintiff's claims.  Doc. 53.  The two Defendants Plaintiff seeks to add, Florida Governor Charlie Crist and Florida Attorney General Bill McCollum, have no involvement with the actions Plaintiff seeks to challenge in this case.  Rather, Plaintiff brings one count against these two Defendants claiming they did not comply with FLA. STAT. "§ 876.05 prior to their respective names appearing on the Florida Ballot for their respective elections . . . ."  Doc. 54, p. 21.  Of Plaintiff's twenty-two page proposed third amended complaint, the challenged actions of these two additional Defendants essentially take only 1 page of text.  *Id.*, at 20-21.  Because the claim against these two Defendants is so insubstantial in relation to the rest of Plaintiff's allegations in this case, and because it is separate from the claims brought by Plaintiff against the other Defendants, it may be separately litigated, but should not be combined in this case.

Plaintiff will suffer no harm or prejudice in being required to separately file a lawsuit to challenge whether or not Florida Governor Charlie Crist and Florida Attorney General Bill McCollum complied with FLA. STAT. § 876.05 and signed a candidate oath prior to having their names appear on the Ballot.  That issue, however, is separate from Plaintiff's challenge to the judicial oaths Plaintiff contests in this action and the challenge he brings to orders issued by the justices.  Plaintiff does not allege a constitutional violation or a jurisdictional basis for bringing his challenge to the oaths of Florida Governor Charlie Crist and Florida Attorney General Bill McCollum.  Plaintiff also does

4:08cv219-RH/WCS

not present any personal injury such that standing is apparent relevant to his discrete claim against Florida Governor Charlie Crist and Florida Attorney General Bill McCollum.  Therefore, Plaintiff's motion to amend, doc. 53, should be denied and this case should proceed solely on the second amended complaint, doc. 43, filed on June 9, 2008.

Additionally, the motions to dismiss, docs. 48 and 49, assert a jurisdictional bar to considering the merits of this action as it pertains to the existing Defendants.  The motions argue that "this Court is without jurisdiction to review Plaintiff's collateral attack upon his state bar suspension."  Doc. 49, p. 3; *see also* doc. 48, p. 6.  Because of the jurisdictional arguments, the pendency of the motions to dismiss, and the lack of prejudice to Plaintiff in separately bringing a claim against persons who are not involved in Plaintiff's bar proceedings, the issues should not be joined together.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to amended the complaint, doc. 53, be **DENIED** but that Plaintiff be given 10 days from the date this report and recommendation is adopted to submit his opposition to the pending motions to dismiss, docs. 48 and 49, and that the case be **REMANDED** to the undersigned for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on July 7, 2008.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.