**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**MONTGOMERY BLAIR SIBLEY,**

    **Plaintiff,**

vs.                                        Case No. 4:08cv219-RH/WCS

**THE FLORIDA BAR,
FLORIDA SUPREME COURT,
et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff Montgomery Blair Sibley filed a second amended complaint, doc. 43, against the Florida Bar, the Florida Supreme Court, the Justices of that Court, and state court judge Orlando Prescott. Doc. 43. The basis for this suit is Plaintiff's assertion that the Defendants failed to *execute* an oath before assuming their judicial duties as required by 4 U.S.C. § 101, § 102, and the Florida Constitution and FLA. STAT. § 876.05(1). *Id.*, at 3. Plaintiff does not allege that the Defendants did not take an oral oath.

Plaintiff contends he has suffered injury because the Florida Supreme Court took action on several cases in which he was involved, dismissing a petition he had filed there on May 18, 2007, and suspending him from the practice of law on March 7, 2007. *Id.*, at 5, 7. Plaintiff contends that these judicial acts took place prior to six of the justices complying with the requirement to execute a loyalty oath under Article VI of the United States Constitution, 4 U.S.C. § 101, § 102, and Florida state law. *Id.*, at 5, 6. Plaintiff further claims that the Florida Bar prosecuted an action against Plaintiff and did so through its agent, Barnaby Min, who also had not taken the oath. *Id.*, at 9. Plaintiff seeks a declaratory judgment, costs, and other "just and proper" relief.

The Florida Bar filed a motion to dismiss the second amended complaint, doc. 49, and the Florida Supreme Court, its Justices, and Circuit Judge Prescott also filed a motion to dismiss or, alternatively, a motion for summary judgment. Doc. 46, 48.[1] Several days later, the Florida Supreme Court, justices, and Judge Prescott filed a notice of filing exhibits. Doc. 51. As the motion to dismiss, doc. 48, did not contain references to the belatedly submitted exhibits, and because the motion does not contain a statement of undisputed material facts, it was deemed to be a motion to dismiss. *See* doc. 52. Plaintiff was advised to respond to the motions (docs. 48 and 49), *id.*, and Plaintiff has filed one document in response to both motions. Doc. 58.

---

[1] The document was originally filed as a "motion to dismiss or alternatively, a motion for summary judgment," doc. 46, but after the order was entered construing it solely as a motion to dismiss, doc. 52, it is simultaneously listed on the docket as document 48. It will be referred to as the motion to dismiss with the citation to document 48 throughout this report and recommendation.

Case No. 4:08cv219-RH/WCS

**Arguments of the motions to dismiss**

The motion to dismiss filed by the Court and its justices, doc. 48, first and foremost asserts a jurisdictional bar.  Defendants note that Plaintiff's case is yet another attack on the disciplinary action taken against him.  Doc. 48, p. 5.  Second, it is argued that Plaintiff's claims simply lack merit as there is no question that the Justices of the Florida Supreme Court have taken oaths to support the United States Constitution.  Furthermore, Defendants argue that neither the Constitution nor the statutes provide a private cause of action for failing to taken an oath, that the provisions are directory, without a penalty imposed for not complying, and finally that the "de facto officer" doctrine provides that the acts of the justices are valid even if there were a technical defect in statutory compliance.  *Id.*, at 6-9.

The Florida Bar asserts in its motion to dismiss that the Bar is not subject to either state or federal loyalty oaths, that Plaintiff may not use this case to collaterally attack his Bar suspension, and that Plaintiff is attempting to use an improper remedy to void his disciplinary proceeding.  Doc. 49.  The Bar disciplinary proceeding against Plaintiff was brought by Florida Bar prosecutor Barnaby Min, who "does not qualify as a member of the legislature, an executive officer or a judicial officer for purposes of Article VI of 4 U.S.C. §§ 101 - 102."  Doc. 49, p. 4.

**Standard of Review**

In reviewing a motion to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be granted, the court must consider whether the plaintiff has alleged enough plausible facts to support the claim stated.  Bell Atlantic

Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that dismissal should not be ordered unless it appears beyond doubt that plaintiff could prove "no set of facts" in support of his claims which would entitle him to relief).  The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests.  Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").  A complaint does not need detailed factual allegations to survive a motion to dismiss, but it must provide the grounds for a plaintiff's entitlement to relief beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ."  Twombly, 127 S.Ct. at 1964-65.

> If a pleading fails to specify the allegations in a manner that provides
> sufficient notice, a defendant can move for a more definite statement
> under Rule 12(e) before responding.  Moreover, claims lacking merit may
> be dealt with through summary judgment under Rule 56.

Swierkiewicz, 122 S.Ct. at 998-999.

A court must accept the factual allegations of the complaint as true, Shotz v. American Airlines, Inc., 420 F.3d 1332, 1334-35 (11th Cir. 2005), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S.Ct. at 1965, *quoting* Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).  "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  Nevertheless, a

complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005), *quoted in* Twombly, 127 S.Ct. at 1966.

**Analysis**

The basis for this action, under both state law and federal law, is Plaintiff's assertion that each of the Florida Supreme Court justices and state court judge Orlando Prescott, used their "sovereign judicial power without authorization which caused harm to Plaintiff." Doc. 43, p. 2. The most tangible "harm" to Plaintiff resulted from the disciplinary proceeding initiated by The Florida Bar, prosecuted by Mr. Barbaby Min, which ultimately ended in Plaintiff's suspension from the practice of law.[2] In other

---

[2] This is not Plaintiff's first case before this court involving the Bar disciplinary proceedings. Plaintiff first attempted to remove the disciplinary action to this Court, case 4:06cv360-SPM/WCS, *Florida Supreme Court v. Sibley*, which was summarily remanded back to state court on September 11, 2006, for lack of jurisdiction. Plaintiff then initiated case 4:07cv331-RH/WCS, and sought to obtain a restraining order and enjoin the Florida Supreme Court from considering the Bar disciplinary proceeding. It was dismissed as frivolous and for lack of jurisdiction. Doc. 12 of that case. Plaintiff appealed the dismissal and the Eleventh Circuit dismissed the appeal as frivolous in January, 2008. Doc. 20. By mid-May, 2008, Plaintiff had initiated a habeas petition under 28 U.S.C. § 2254, case 4:08cv243-RH/WCS, in which he made another effort to compel this court to remove the Bar suspension imposed by the Florida Supreme Court and avoid application of the *Rooker-Feldman* jurisdictional bar, a bar of which he is well aware by virtue of his previous cases. *See* doc. 4, case 4:08cv243. A report and recommendation is currently pending in that case. Finally, it is noted that Plaintiff also brought case 4:06cv314-RH/WCS, *Sibley v. Hall, et al.*, in this Court, which was premised upon the Florida Supreme Court's imposition of sanctions against Plaintiff. That case was dismissed on December 13, 2006, with an admonition that the Court's patience was wearing thin and that the recommendation for sanctions was denied *at that time*. *See* doc. 22, pp.5-6, of that case.

Case No. 4:08cv219-RH/WCS

words, Plaintiff is now seeking indirectly to invalidate the Bar suspension imposed upon him by the Defendants by claiming they lacked judicial authority because they did not file loyalty oaths. See doc. 48, p. 2.

**Standing**

Since standing is jurisdictional, it must be considered by the court *sua sponte*, even though not raised by the parties. AT&T Mobility, LLC v. National Ass'n for Stock Car Auto Racing, Inc., 494 F.3d 1356, 1360 (11th Cir. 2007).[3] "Standing and ripeness present the threshold jurisdictional question of whether a court may consider the merits of a dispute." Elend v. Basham, 471 F.3d 1199, 1204 (11th Cir. 2006) (citation omitted).

---

[3] The distinction between standing and a failure to state a claim upon which relief may be granted is important. If there is no standing, the court lacks jurisdiction to adjudicate the merits. A dismissal for a failure to state a claim upon which relief may be granted is an adjudication on the merits, an adjudication that requires jurisdiction.

> Although we have noted that standing challenges have sometimes been brought under Rule 12(b)(6), as well as Rule 12(b)(1), *see Thompson v. County of Franklin*, 15 F.3d 245, 247 (2d Cir. 1994); *Rent Stabilization Ass'n of City of New York v. Dinkins*, 5 F.3d 591, 594 & n. 2 (2d Cir.1993), the proper procedural route is a motion under Rule 12(b)(1). *See Valentin v. Hospital Bella Vista*, 254 F.3d 358, 362 (1st Cir. 2001). The distinction is important because a typical dismissal under Rule 12(b)(6), i.e., for failure to state a claim, is an adjudication on the merits with preclusive effect, *see Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n. 3, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188 (2d Cir. 1996). Presenting and considering a challenge to lack of Article III standing under Rule 12(b)(1) avoids the needs to fashion a modified approach to a Rule 12(b)(6) motion that concerns standing. *See Rent Stabilization Ass'n*, 5 F.3d at 594. Although lack of Article III standing and subject matter jurisdiction are distinct concepts, see id. at 594 n. 2, Article III standing remains, as we have noted, a limitation on the authority of a federal court to exercise jurisdiction. *See Allen*,[] 468 U.S. at 750, 104 S.Ct. 3315.

Alliance For Environmental Renewal, Inc. v. Pyramid Crossgates Co., 436 F.3d 82, 88 n. 6 (2nd Cir. 2006).

Case No. 4:08cv219-RH/WCS

"Both standing and ripeness originate from the Constitution's Article III requirement that the jurisdiction of the federal courts be limited to actual cases and controversies." *Id.*, at 1204-1205 (citation omitted). "It is by now axiomatic that standing requires the plaintiff to demonstrate injury in fact, causation, and redressability." *Id.*, at 1205 (citation omitted).

> The constitutional requirements of standing are that "[1] the plaintiff must have suffered an 'injury in fact' . . . . [2] there must be a causal connection between the injury and the conduct complained of . . . . and [3] it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.' " The plaintiff bears the burden of establishing each of these elements.

*Id.*, at 1206 (citations omitted).

Although Plaintiff alleges he was harmed by Defendants because he was disciplined as a lawyer, he has not alleged how the alleged lack of an executed oath was causally connected to that harm. Therefore, Plaintiff's complaint is nothing more than a generalized grievance about the operation of government. Plaintiff lacks standing to bring such a grievance to this court. <u>Ex parte Levitt</u>, 302 U.S. 633, 58 S.Ct. 1, 82 L.Ed. 493 (1937) (*per curiam*) (a citizen and member of the bar of the Supreme Court had no standing to contest the appointment of a sitting Justice on federal constitutional grounds); <u>Schlesinger v. Reservists Comm. to Stop the War</u>, 418 U.S. 208, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974) (citizen and taxpayer had no standing to claim that under the constitution, no member of Congress may hold an office as a reserve officer); <u>Lance v. Coffman</u>, 127 S.Ct. 1194, 167 L.Ed.2d 29 (2007).

To the extent that Plaintiff seeks to collaterally attack the disciplinary action taken by The Florida Bar and approved by the Florida Supreme Court, Florida Supreme Court

case number SC06-1387,[4] this court likewise lacks jurisdiction.  Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), preclude review by this Court of final decisions of a state court.  This, indeed, is the only reason that Plaintiff sues The Florida Bar and Circuit Judge Orlando Prescott.  The Florida Bar and Judge Prescott had nothing to do with the other litigation cited by Plaintiff.  Consequently, the court lacks jurisdiction to consider Plaintiff's federal claims.

**Statement of a claim upon which relief may be granted**

If the court had jurisdiction, it would next address whether Plaintiff's complaint states a federal claim.  Plaintiff relies upon Article VI of the United States Constitution and two federal statutes.  The Constitutional provision states that the members of state legislature, and "all executive and judicial Officers, both of the United States and of the several States, shall be bound by Oath or Affirmation, to support this Constitution."  U.S. CONST. Article VI, Clause 3.  That provision does not prescribe the manner for taking the oath, and it does not require the execution of a written oath.  It simply requires that an oath be taken.

The two federal statutes relied on by Plaintiff require certain state officials to take the loyalty oath and concern the recording of the oath.  The first statute provides:

> Every member of a State legislature, and every executive and judicial officer of a State, shall, before he proceeds to execute the duties of his office, take an oath in the following form, to wit: "I, A B, do solemnly swear that I will support the Constitution of the United States."

---

[4] The Florida Bar v. Sibley, 979 So.2d 221 (Fla. March 7, 2008) (Table).

Case No. 4:08cv219-RH/WCS

4 U.S.C. § 101. This statute requires state court judges to take an oath to support the United States Constitution and, like the federal Constitutional provision, does not require the oath to be executed in written form.

The other federal statute cited by Plaintiff, 4 U.S.C. § 102, states that the "oath may be administered by any person who, by the law of the State, is authorized to administer the oath of office; and the person so administering such oath shall cause a record or certificate thereof to be made in the same manner, as by the law of the State, he is directed to record or certify the oath of office." 4 U.S.C. § 102. This provision concerns the administration of the oath and, under the statute's plain language, the judge who takes the oath is not the one charged with recording or filing the oath, if directed to do so by state law. Thus, because this statute directs the person administering the oath to record the oath, Plaintiff may not use this statute to challenge a judge's actions for not filing his own loyalty oath.

More important, these federal laws do not create a substantive private cause of action. Lewis v. Green, 629 F.Supp. 546, 554 n.14 (D. D.C. 1986); Mechler v. Hodges, 2005 WL 1406102, *7 (S.D. Ohio Jun 15, 2005) (No. C-1-02-948). For this additional reason, claims based upon federal law should be dismissed.

Plaintiff also seeks to transmute his state law claims into a federal due process claim. Violations of state law do not, *ipso facto*, violate the federal constitution or give rise to a claim under § 1983. Knight v. Jacobson, 300 F.3d 1272, 1276 (11th Cir. 2002). Even if Plaintiff had a right under state law to compliance with the oath procedures he now describes, a violation of state law is not a violation of substantive due process.

> In short, areas in which substantive rights are created only by state law (as is the case with tort law and employment law) are not subject to substantive due process protection under the Due Process Clause because "substantive due process rights are created only by the Constitution." *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 229, 106 S.Ct. 507, 515, 88 L.Ed.2d 523 (1985) (Powell, J., concurring). As a result, these state law based rights constitutionally may be rescinded so long as the elements of procedural-not substantive-due process are observed.

McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994), *cert. denied*, 513 U.S. 1110 (1995).

Plaintiff's due process claim, therefore, is a claim of a denial of procedural due process. "[O]nly when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." *Id.*, at 1557. Plaintiff has not shown that he did not have a remedy under state law for any alleged violation of state law. The Florida Supreme Court has jurisdiction under Article V, § 3(b)(8), of the Florida Constitution to issue writs of *quo warranto* to state officers to determine whether the officer has improperly exercised a power or right derived from the State. Florida House of Representatives v. Crist, 2008 WL 2669767, * 4 (Fla. Jul 03, 2008) (No. SC07-2154). I see no reason that the Florida Supreme Court could not consider such a petition directed to sitting justices. When that Court lacks a quorum due to recusals, other Article V judges may be substituted to consider the petition. See Art. V, § 3(a), Florida Constitution ("When recusals for cause would prohibit the court from convening because of the requirements of this section [relating to a quorum], judges assigned to temporary duty may be substituted for justices.").

Indeed, the qualifications of sitting justices of the Florida Supreme Court would be especially a matter for Florida judges to resolve.

In summary, therefore, if the court had jurisdiction, it should rule that Plaintiff has failed to state a federal claim upon which relief may be granted. The federal claims should be dismissed.[5]

**State law claims**

Federal law permits this court to decline to exercise supplemental jurisdiction over state law claims where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The court has "jurisdiction over a substantial federal claim . . . deriv[ing] from a 'common nucleus of operative fact,' " L.A. Draper and Son v. Wheelabrator-Frye, Inc., 735 F.2d 414, 427 (11th Cir. 1984), relying on Gibbs. Since the court in this case should dismiss all federal claims, "the decision whether or not to exercise pendent jurisdiction over state-law claims is within its discretion." Rice v. Branigar Organization, Inc., 922 F.2d 788, 792 (11th Cir. 1991).

The court, in its discretion, should not reach the state law issues. Those state law issues more properly should be resolved by Florida courts.

**Conclusion**

---

[5] While unnecessary to the court's disposition of the motions to dismiss, Plaintiff has not alleged that any Defendant failed to take an oral oath and that defeats his federal claims. The lack of an allegation that no oral oath was taken is especially critical here since an oral oath is usual at an investiture of a Florida Supreme Court justice or judge serving on the bench in Florida. The "swearing-in" ceremony is a formal event, attended by family, friends, and members of the press. Investitures are well documented and recorded. An oral investiture would comply with the requirements of Article VI of the United States Constitution and 4 U.S.C. §§ 101, 102.

Case No. 4:08cv219-RH/WCS

Accordingly, it is **RECOMMENDED** that the motions to dismiss, docs. 48 and 49, be **GRANTED in part,** that all federal claims in Plaintiff's second amended complaint, doc. 43, be **DISMISSED with prejudice**, that the court decline to exercise jurisdiction over the state claims and therefore that those claims be **DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on August 7, 2008.


s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**