# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

MONTGOMERY BLAIR SIBLEY,

    Plaintiff,

v.                              CASE NO. 4:08cv219-RH/WCS

THE FLORIDA BAR, et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

This matter is before the court on the magistrate judge's report and recommendation (document 62) and the objections (document 66). I have reviewed the matter *de novo*.

The plaintiff Montgomery Blair Sibley is an attorney. The defendants are the Florida Bar, the Florida Supreme Court, seven current or former Florida Supreme Court justices, and a Florida circuit judge.

By his second amended complaint, Mr. Sibley asserts the justices and judge failed to execute oaths of office prior to assuming their duties as required by the United States Constitution and by federal and state law. Mr. Sibley asserts that

prior to executing the required oaths, the justices and judge took actions in connection with Bar disciplinary proceedings against Mr. Sibley. Mr. Sibley asserts that the Florida Bar personnel involved in the disciplinary proceedings also failed to execute the required oaths.

Mr. Sibley seeks declaratory relief and an award of damages. The defendants have moved to dismiss. The report and recommendation concludes that the motion should be granted on multiple grounds.

I conclude, first, that the federal claims should be dismissed for failure to state a claim on which relief can be granted, and second, that as a matter of discretion supplemental jurisdiction should not be exercised over the remaining state claims.

The second amended complaint fails to state a viable claim *for damages* because the federal oath provisions on which Mr. Sibley relies do not create a private right of action for damages and it is not a violation of due process for an otherwise-qualified judge to act in a case without taking an oath in proper form. The second amended complaint fails to allege a live case or controversy sufficient to support *declaratory relief* because it does not allege that any justice or judge who may be involved in further proceedings has still failed to execute any required oath. A declaration thus would be an empty advisory opinion with no effect. And

a declaration is not available as a means of obtaining review in this court of decisions already rendered by the state court in the Bar disciplinary proceedings. Any claim for declaratory relief for this purpose would run afoul of the *Rooker-Feldman* doctrine, which recognizes that federal district courts do not sit to review decisions of state courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).

For these reasons, and in accordance with the additional authorities cited in the report and recommendation,

IT IS ORDERED:

The report and recommendation is ACCEPTED. The defendants' motions to dismiss (documents 48 and 49) are GRANTED IN PART. The clerk must enter judgment stating, "The plaintiff's federal claims are dismissed with prejudice. The plaintiff's state claims are dismissed without prejudice." The clerk must close the file.

SO ORDERED on October 3, 2008.

                                          s/Robert L. Hinkle
                                        Chief United States District Judge